UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
INNER CITY PRESS/COMMUNITY ON THE MOVE, :  04 CIV. 8337 (DLC)
                                        :
                Plaintiff,              :  OPINION & ORDER
                                        :
        -v-                             :
                                        :
BOARD OF GOVERNORS OF THE FEDERAL       :
RESERVE SYSTEM,                         :
                                        :
                Defendant.              :
------------------------------------------X



Appearances:

For plaintiff:

David C. Vladeck
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, Suite 312
Washington, D.C. 20001

Michele Host
Vladeck, Waldman, Elias & Engelhard, PC
1501 Broadway, Suite 800
New York, New York 10036

For defendant:

Katherine H. Wheatley
Yvonne F. Mizusawa
Board of Governors of the Federal Reserve System
20th & C Streets, N.W.
Washington, D.C. 20551

DENISE COTE, District Judge:

On July 19, 2005, this Court granted partial summary judgment for plaintiff, Inner City Press/Community on the Move ("ICP"), in a case brought under Exemption 4 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. Inner City Press/Community on the Move v. Bd. of Governors of the Fed. Reserve Sys., 380 F. Supp. 2d 211, 222 (S.D.N.Y. 2005) ("July 19 Opinion"). Defendant, the Board of Governors of the Federal

Reserve System (the "Board"), moved for reconsideration of that decision on August 2. For the reasons stated below, defendant's motion is denied.

Background

In this action, filed on October 21, 2004, ICP seeks public disclosure of certain data contained in an exhibit to a merger application ("Merger Application") submitted to the Board by Wachovia Corporation ("Wachovia") in support of its merger with SouthTrust Corporation. The exhibit in question is entitled "Confidential Exhibit 3: Discussion of Activities Relating to Sub-Prime Lending" ("Exhibit 3"). Exhibit 3 lists nine of Wachovia's commercial clients that engage in subprime lending and contains certain other information relating to Wachovia's dealings with those clients.

The background and analysis in this Court's July 19 Opinion are incorporated by reference into this discussion. The July 19 Opinion ruled that, although the Board could withhold client names, specific loan amounts and terms, and descriptions of other banking services provided to the clients listed in Exhibit 3, it could not withhold data regarding Wachovia's aggregate exposure and loan outstandings to those clients or information regarding its due diligence practices regarding sub-prime lenders' requests for credit facilities. Inner City Press, 380 F. Supp. 2d at 220. The Board was also required to disclose certain information regarding underwriting services provided to those clients, to the

extent that both the fact that Wachovia had provided underwriting services for a client and the fact that it had provided credit facilities for that client were already public through SEC filings. See id. at 221.

The Board makes several arguments in its motion for reconsideration. It contends that the Court committed a clear error of law when it ruled that the data regarding Wachovia's loan outstandings and details concerning its due diligence practices were submitted mandatorily. The Board also argues that the Court overlooked "important evidence" that Wachovia would not have submitted as detailed a description of its underwriting policies and procedures had it known that the information contained in Exhibit 3 could be disclosed to the public. Finally, it argues that the Court's ruling regarding Securities and Exchange Commission ("SEC") filings was in error "because plaintiff never alleged public availability of information that Wachovia provided credit facilities to the nine identified clients."

Discussion

> Local Civil Rule 6.3 reads in pertinent part as follows:
>
> A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

S.D.N.Y. Local Civil Rule 6.3. In moving for reconsideration,

the moving party "must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (citation omitted). In addition, the moving party may not "advance new facts, issues, or arguments not previously presented to the Court." Geneva Pharms. Tech. Corp. v. Barr Labs., Inc., No. 98 Civ. 3607 (RWS), 2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002) (citation omitted). Courts narrowly construe Local Civil Rule 6.3 and apply it strictly against the moving party "so as to avoid repetitive arguments on the issues that have been considered fully by the court" and "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Mones v. Commercial Bank of Kuwait, No. 18 Misc. 302 (SAS), 2005 WL 1963955, at *2 (S.D.N.Y. Aug. 11, 2005) (citation omitted). The decision to grant or deny the motion is within the sound discretion of the district court. See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

Information only qualifies as confidential under FOIA Exemption 4 if its disclosure (1) would impair the government's ability to obtain similar information in the future, or (2) would cause substantial harm to the competitive position of the person from whom the information was obtained. Inner City Press, 380 F. Supp. 2d at 215 (citing Nadler v. Fed. Deposit Ins. Corp., 92 F. 3d 93, 96 (2d Cir. 1996)). The Board's summary judgment submissions, and most crucially, the Declaration of Michael P.

4

Rizer, a senior vice president of Wachovia, were concerned almost exclusively with establishing that Wachovia would suffer competitive harm if the identities of its clients, and the details regarding the credit facilities extended to those clients, were exposed. Rizer attested that "[p]ublic disclosure of the information [in Exhibit 3] would likely cause substantial competitive harm to Wachovia because it would provide to Wachovia's competitors and others specific, non-public financial information on Wachovia's clients and the terms of those relationships." He also noted: "It is standard practice in the banking industry for banks to keep information about the amount and terms of loans confidential. . . . Disclosure by Wachovia of such confidential information . . . would likely cause substantial damage to Wachovia's relationship with these and potentially other clients."

The July 19 Opinion took Rizer's testimony into account and accordingly ruled that client-specific information could be withheld. The Board made absolutely no showing in its summary judgment submissions, however, that the disclosure of data regarding Wachovia's aggregate exposure and loan outstandings to the clients listed in Exhibit 3 would cause competitive harm to Wachovia or that the public disclosure of this information would make it difficult for the Board to elicit similar information in the future. Regardless of whether such information was submitted

5

mandatorily or voluntarily,[1] the Board provided no basis on which the Court could rule that the aggregate figures could be withheld.

Moreover, with the exception of Rizer's comment that "if it had known that the information in [Exhibit 3] would be made public, Wachovia likely would have provided the Board with a more generic description of . . . its policies and practices with respect to financing sub-prime lenders," the Board made no showing that Wachovia would not have submitted a satisfactory description of its due diligence practices if it had known that such information would be made public. A vague, general comment is not an adequate basis for a grant of summary judgment under FOIA. Cf. Pub. Citizen v. Dep't of State, 276 F.3d 634, 644 (D.C. Cir. 2002) ("Summary judgment may be granted . . . on the basis of agency affidavits [only] if they contain reasonable specificity of detail rather than merely conclusory statements . . . ."). Nor did the Board make a showing that disclosure of such information would cause Wachovia competitive harm.

The Board points to portions of a document entitled "Sub-Prime Lending and Related Activities" that Wachovia submitted in

---

[1] As noted in the July 19 Opinion, see Inner City Press, 380 F. Supp. 2d at 216 n.2, the Second Circuit has not adopted the rule of Critical Mass Energy Project v. Nuclear Regulatory Commission, 975 F.2d 871 (D.C. Cir. 1992), that voluntarily submitted information may be withheld under FOIA Exemption 4 if it "would customarily not be released to the public by the person from whom it was obtained." Id. at 878 (citation omitted). It is doubtful that the Board's summary judgment submissions would even have contained information sufficient to support withholding of the information at issue if the Critical Mass test applied.

the public portion of the Merger Application as "a glimpse into the conclusory statements [regarding due diligence practices] defendant can expect in future filings" if merger applicants know such information is to be released to the public. This argument was not made in the Board's original submissions. In any event, without more specific testimony from Wachovia's representative regarding why Wachovia would not wish its due diligence practices with regard to its subprime lending clients to be made public, it cannot be said that this document represents the limits of what Wachovia would willingly reveal at the Board's request. In sum, the Board's contention that the July 19 Opinion made errors of law and fact relating to its determination that information regarding aggregate exposure and loan outstandings and due diligence practices should be disclosed has no grounding in the record and must therefore be rejected.

The Board's argument that the Court erred in ruling that information cannot be withheld if it is already available in public filings with the SEC must likewise be rejected. The Board contends that plaintiff did not come forward with sufficient evidence that the information it seeks is already publicly available. The plaintiff sustained its burden in this instance by noting the SEC's clearly applicable filing requirements for issuers of securities. The Board's only response was to argue that information in SEC filings rested in "practical obscurity," relying on U.S. Dep't of Justice v. Reporter's Comm. for Freedom of the Press, 489 U.S. 749 (1989), a case which dealt with

records located in "courthouse files, county archives, and local police stations throughout the country." Id. at 764. The July 19 Opinion ruled that if Wachovia's role as a market maker or underwriter with respect to the securities of one of the clients listed in Exhibit 3 is already noted in an SEC filing, and the fact that Wachovia has provided credit facilities to that customer is also reflected in the SEC filing, then such information should be disclosed to the extent it is already public.² Inner City Press, 380 F. Supp. 2d at 221. While such a ruling might be impracticable in situations involving voluminous submissions, given the discrete universe of nine clients whose status as consumers of Wachovia's underwriting or market-making services is already indicated in Exhibit 3, it cannot be said that this Court's ruling is unduly burdensome in this instance. There is no basis to revisit the conclusion of the July 19 Opinion that paper files housed in far-flung locations are not analogous to tidbits information contained in SEC filings by a very limited number of entities.³

---

²The Board notes that "defendant could not disclose the name of a client [listed in Exhibit 3] for whom Wachovia acted as a market maker, even if public in SEC filings, without also disclosing the fact that Wachovia provided credit facilities to this client." The July 19 Opinion ruled that both items of information had to be present in the relevant SEC filing precisely to avoid this quandary.

³The Board argues that "[c]ontrary to the Court's apparent assumption . . . the SEC's web site does not include any sort of a search engine that would permit a requester to search for documents that were filed by Company X and that identified Company Y as an extender of credit." The July 19 Opinion did not state that the SEC offered such a text-searchable database. The text-searchable database of SEC filings on Lexis-Nexis, however,

Conclusion

Defendant's motion for reconsideration is denied in its entirety.

SO ORDERED:

Dated: New York, New York
       October 11, 2005

                                    /s/ Denise Cote
                           _____
                                    DENISE COTE
                           United States District Judge

---

is more than adequate for the purpose. Even if one does not have access to a proprietary database such as Lexis-Nexis, a company's Form S-2s and similar filings can be downloaded from the SEC's web site and individually text-searched for a single word such as "Wachovia" with relative swiftness. In any event, the Board did not present in its initial briefing the burden arguments it presses as the basis for reconsideration.

9